Stipulated Facts: "Client" hired Respondent to represent him regarding disputes he had with Liberty Hall, a correctional re-entry program facility where Client was on work release. Respondent sent a tort claim notice to Liberty Hall, the Department of Correction, and the Attorney General. Later, Respondent sent Client's claims to Liberty Hall's insurer, which denied any liability.
Respondent told Client she would file suit against Liberty Hall on his behalf, but Respondent never did so. Thereafter, Respondent led Client to believe a suit was pending and that Liberty Hall was willing to negotiate a settlement, both of which were untrue. Respondent communicated to Client a fictitious settlement offer of $20,000, which Client declined. Respondent then communicated to Client a fictitious settlement offer of $40,000 plus attorney fees, which Client accepted. Client discovered the ruse when no settlement funds were forthcoming and Respondent confessed the truth to Client.
Violations: The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:
1.3: Failing to act with reasonable diligence and promptness.
1.4(a)(3): Failing to keep a client reasonably informed about the status of a matter.
1.4(b): Failing to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.
8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.
Discipline: The parties propose the appropriate discipline is a 180-day suspension without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.
For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than 180 days, without automatic reinstatement, beginning June 5, 2018. Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. See Admis. Disc. R. 23(18)(b).
*72 The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.
All Justices concur.